1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FLOYD S. HALL,

11              Petitioner,                    No. 2:09-cv-2653-JAM-JFM (HC)

12        vs.

13   LARRY SMALLS,                             ORDER AND

14              Respondent.                    FINDINGS & RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  On August 2, 2006, a jury in Solano County found

18   petitioner guilty of carjacking.  Lodgment ("LD") A at 187.  Petitioner was subsequently

19   sentenced to an aggravated term of nine years based, in part, upon a finding by the trial court that

20   petitioner suffered a prior prison term in Texas.  Id. at 215-18.  Petitioner seeks relief on the

21   ground that the trial court imposed the upper term sentence in violation of his right to a jury trial

22   as guaranteed by the Sixth and Fourteenth Amendments of the U.S. Constitution.  Upon careful

23   consideration of the record and the applicable law, the undersigned recommends that petitioner's

24   application for habeas corpus relief be denied.

25   /////

26   /////

1

PROCEDURAL BACKGROUND

Following his conviction for carjacking, petitioner was sentenced on September 27, 2006 to a term of twenty-three years, which included an upper term of nine years for the carjacking conviction and an additional fourteen years stemming from a Texas prior conviction, which the trial court found to constitute a prior strike and a prior serious felony conviction.  See Pet., Ex. C at 1.  Petitioner challenged his sentence on direct appeal on the ground that his Texas conviction did not meet the statutory requirements for a strike or a prior serious felony conviction, and that the imposition of the upper term was based on factors not found true beyond a reasonable doubt by a jury, in violation of Cunningham v. California, 549 U.S. 270 (2007).  Id.

On appeal, the sentence was affirmed in part and reversed in part.  Pet., Ex. C.  The appellate court reversed the trial court to the extent it relied on the Texas conviction as a strike or prior serious felony enhancement.  Id. at 2-6.  However, it found that the trial court's imposition of the upper term for carjacking did not violate Cunningham because the trial court was justified in relying upon the fact of petitioner's Texas conviction to impose the upper term. Id. at 7.

Petitioner appealed this decision to the California Supreme Court, which denied review on June 11, 2008.  LD E-F.

Petitioner initiated this action on August 21, 2009, seeking relief on the single ground that the trial court improperly imposed the upper term based on factual findings in violation of his right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments of the U.S. Constitution.

On January 21, 2010, respondent filed an answer.

On April 15, 2010 and following two requests for an extension of time, petitioner filed two documents: the first, a traverse, and the second, a document incorrectly identified by the court as a "First Amended Petition."  See Doc. Nos. 24 and 25.  After review of the latter document, the court is convinced that the document is, in fact, also a traverse.  The purported

"First Amended Petition" does not present any new grounds for relief.  Further, the heading of the attachment to this document is "Reply/Traverse to Answer."  See Doc. No. 24 at 7.

On March 29, 2011, petitioner filed a motion to stay.

DISCUSSION

1.    Motion to Stay

Before commencing with the merits of petitioner's Cunningham claim, the court will address petitioner's motion to stay.

Generally, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Here, petitioner seeks a stay and abeyance in order to exhaust his state court remedies concerning to the trial court's allegedly unconstitutional use of his prior conviction to sentence him to an aggravated prison term.  See Mot. to Stay at 2.  The court is perplexed for the simple fact that petitioner is proceeding on this exact claim that respondent concedes was exhausted on direct appeal.  See Answer at 2:15-16 ("Petitioner exhausted state remedies for his claims").  Additionally, petitioner attaches to his petition the opinion of the California appellate court addressing this ground for relief.  See Pet., Ex. C.  Moreover, petitioner has not presented any new claims requiring exhaustion.  Finally, in his conclusion to the motion to stay, petitioner requests that this court "proceed to the merits of this petition in the case matter now before the court."  Mot. to Stay at 5.

Therefore, this motion will be denied.

/////

3

2.    <u>Analysis</u>

    a.    <u>Habeas Corpus Standard</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 76 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") The court looks to the last reasoned state court decision as the basis for the state court judgment. <u>Avila v. Galaza</u>, 297 F.3d 911, 918 (9th Cir. 2002).

b.    Relevant Facts

Prior to the September 27, 2006 sentencing hearing, the trial court reviewed the presence report, which listed the following as circumstances in aggravation:

Rule 4.421(a)(4):  The [petitioner] occupied a position of leadership or dominance over other participants in its commission.  The victim reported that the other individual involved didn't say anything to her.

Rule 4.4.21(b)(1): The [petitioner] has engaged in violent conduct, which indicates a serious danger to society.

Rule 4.421(b)(2): The [petitioner]'s convictions are increasing in seriousness.

Rule 4.421(b)(3): The [petitioner] has served a prior prison term.

Rule 4.421(b)(5): The [petitioner]'s performance on probation was unsatisfactory.

LD B at 200.  Attached to the presence report was petitioner's criminal history, which included a 1997 conviction for forgery in Solano County, California, for which he served 31 days in jail, and a 2000 conviction in Houston, Texas for second degree robbery, for which he served a three year prison term.  See id. at 206.

At the sentencing hearing, the trial court sentenced petitioner to an upper term of nine years for his carjacking conviction upon consideration of the following aggravating factors:

All right.  In this matter, for the violation of Penal Code Section 215(a), carjacking, the Court has found the [petitioner] ineligible for probation in its finding that the [petitioner] had suffered the prior strike conviction pursuant to 1170.12(a) through (d) and 667(b) through (i).  Probation is not an option in this case.

Accordingly, probation will be denied, and the Court is going to find in this matter that the aggravating circumstances clearly outweigh the mitigating circumstances.  I don't think there is one other circumstance here that in any way mitigates in favor of [petitioner].

Contrasted with that is the fact that he has failed on probation in this county.  His crimes are increasing in seriousness.  He has – I think this particular victim was vulnerable.  A single woman.  There are two individuals.  I think she was particularly vulnerable.  I think there has been a total lack of remorse up until the day of conviction.

What we basically have here is [petitioner] having rolled the dice and lost.  There is really no reason, either in the law, or in the interest of justice, not to follow the dictates of the Rules of Court.  And in examining the aggravating and

mitigating circumstances, as I have spelled out, these aggravating circumstances are clearly in preponderance.

In addition, the [petitioner] has served a prior prison term, and he appears to have occupied a position of leadership in this crime, so the court will select the high term of nine years. . . .

Pet., Ex. A at 10-11.

       c.    <u>State Court Opinion</u>

After concluding that the trial court improperly found that the Texas conviction qualified as a strike and a prior serious enhancement, the state appellate court rejected petitioner's <u>Cunningham</u> argument as follows:

[Petitioner] also argues that the trial court erred by imposing an upper term of nine years for his carjacking rather than a midterm of five years without a jury determination of the facts that the trial court relied on to make this decision. (See § 215, subd. (b).) He reasons that this violated his Sixth Amendment rights. (*Cunningham*, *supra*, 549 U.S. at pp. ___-___ [127 S.Ct. at pp. 870-871].)

At the time of the 2005 carjacking, the determinate sentencing law provided a trial court with three possible sentencing terms for a convicted defendant – a lower term, middle term, or upper term. (*People v. Black* (2007) 41 Cal.4th 799, 808, cert. den. *sub nom. Black v. California* (Jan. 14, 2008, No. 07-6140) ___ U.S. ___ [128 S.Ct. 1063-1064].) The trial court was to select the middle term unless mitigating or aggravating circumstances warranted an upper or lower term, depending on the relative weight of those circumstances. (See former § 1170, subd. (b) [as amended by Stats. 2004, ch. 747, § 1]; *People v. Sandoval* (2007) 41 Cal.4th 825, 836.) This procedure has been held to violate a defendant's Sixth Amendment right to a jury trial because it allowed the trial court to determine aggravating circumstances without a jury determination of the truth of those circumstances beyond a reasonable doubt. (*Cunningham*, *supra*, 549 U.S. at pp. ___-___ [127 S.Ct. at pp. 870-871].) However, these Sixth Amendment concerns are not implicated if the trial court imposes an upper term based on the aggravating circumstances of a defendant's prior conviction. (*People v. Black, supra*, 41 cal.4th at p. 816; *Cunningham, supra*, 549 U.S. at p. ___ [127 S.Ct. at p. 860].) In such a case, the aggravating circumstances has already been submitted to a jury and has been found to be true beyond a reasonable doubt. (See *People v. Sandoval*, *supra*, 41 Cal.4th at pp. 836-837.)

In the underlying matter, [petitioner]'s record of prior convictions in California and Texas warranted imposition of the upper term. At sentencing, the trial court found true several aggravating circumstances, at least one of which was that he had served a prior prison term. (See former Cal. Rules of Court, rule 4.421(b)(3).) A trial court need only find a single, valid aggravating circumstance to support an upper term. (*People v. Black, supra*, 41 Cal.4th at p. 816.) The trial court properly found that [petitioner]'s three-year prison term for his Texas robbery conviction qualified as a prior prison term. This aggravating

1  circumstance warranted the trial court's imposition of the upper term.  (See
   former Cal. Rules of court, rule 4.4.21(b)(3).)  Thus, there was no Sixth
2  Amendment violation.

3  Pet., Ex. C at 6-7.

4        d.    <u>Analysis</u>

5        In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the United States Supreme

6  Court held as a matter of constitutional law that, other than the fact of a prior conviction, "any

7  fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

8  submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  In <u>Blakely v.</u>

9  <u>Washington</u>, 542 U.S. 296 (2004), the Supreme Court held that the "statutory maximum for

10 <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts

11 reflected in the jury verdict or admitted by the defendant."  <u>Blakely</u>, 542 U.S. at 303.  There is a

12 narrow exception to this rule, however, for enhancements that are based on prior convictions;

13 these need not be submitted to the jury.  <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224,

14 244 (1998)  ("[T]o hold that the Constitution requires that recidivism be deemed an 'element' of

15 petitioner's offense would mark an abrupt departure from a longstanding tradition of treating

16 recidivism as 'go[ing] to punishment only.' "); <u>Butler v. Curry</u>, 528 F.3d 624, 641 (9th Cir.

17 2008).

18       In <u>People v. Black</u>, 35 Cal.4th 1238 (2005) ("<u>Black I</u>"), the California Supreme

19 Court held that California's statutory scheme providing for the imposition of an upper term

20 sentence did not violate the constitutional principles set forth in <u>Apprendi</u> and <u>Blakely</u>.  The

21 court in <u>Black I</u> reasoned that the discretion afforded to a sentencing judge in choosing a lower,

22 middle or upper term rendered the upper term under California law the "statutory maximum."

23 <u>Black I</u>, 35 Cal.4th at 1257-61.

24 /////

25 /////

26 /////

7

In <u>Cunningham v. California</u>, 549 U.S. 270 (2007)[1], the United States Supreme Court held that a California judge's imposition of an upper term sentence based on facts found by the judge (other than the fact of a prior conviction) violated the constitutional principles set forth in <u>Apprendi</u> and <u>Blakely</u>. <u>Cunningham</u> expressly disapproved the holding and the reasoning of <u>Black I</u>, finding that the middle term in California's determinate sentencing law was the relevant statutory maximum for purposes of applying <u>Blakely</u> and <u>Apprendi</u>. <u>Cunningham</u>, 549 U.S. at 291-94.

In light of <u>Cunningham</u>, the Supreme Court vacated <u>Black I</u> and remanded the case to the California Supreme Court for further consideration. <u>Black v. California</u>, 549 U.S. 1190 (2007). On remand, the California Supreme Court held that "so long as a defendant is eligible for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury." <u>People v. Black</u>, 41 Cal.4th 799, 813 (2007) (<u>Black II</u>). In other words, as long as one aggravating circumstance has been established in a constitutional manner, a defendant's upper term sentence withstands Sixth Amendment challenge.

Thereafter, relying on <u>Black II</u>, the Ninth Circuit confirmed that, under California law, only one aggravating factor is necessary to authorize an upper term sentence. <u>Butler v. Curry</u>, 528 F.3d 624, 641-43 (9th Cir. 2008). The Ninth Circuit has affirmed that a single aggravating factor is sufficient to authorize an upper term sentence under California law. <u>See</u> <u>Butler v. Curry</u>, 528 F.3d 624, 641-42 (9th Cir. 2008). Therefore, if at least one of the aggravating factors on which a judge relies in sentencing a defendant to an upper term sentence is

---

[1] The Ninth Circuit subsequently held that <u>Cunningham</u> may be applied retroactively on collateral review. <u>Butler v. Curry</u>, 528 F.3d 624, 639 (9th Cir.2008).

1    established in a manner consistent with the Sixth Amendment, the sentence does not violate the

2    Constitution.  <u>Butler</u>, 528 F.3d at 643.

3             Here, the trial judge relied on numerous aggravating factors, including petitioner's

4    prior prison term, when sentencing petitioner to an aggravated term of nine years for the

5    carjacking conviction.  Pursuant to <u>Butler</u>, because the trial judge could have legally imposed the

6    upper term solely for the existence of petitioner's prior prison term, petitioner's aggravated

7    sentence is not unconstitutional.

8             The state court's rejection of petitioner's claim was not contrary to, or an

9    unreasonable application of, clearly established federal law.  This claim should be denied.

10            For the foregoing reasons, petitioner's application for a writ of habeas corpus

11    should be denied.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

12    States District Courts, "[t]he district court must issue or a deny a certificate of appealability when

13    it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of

14    appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

15    showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either

16    issue a certificate of appealability indicating which issues satisfy the required showing or must

17    state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  The undersigned

18    finds that petitioner has not made a substantial showing and thus recommends that a certificate of

19    appealability not be issued.

20            Accordingly, IT IS HEREBY ORDERED that petitioner's motion to stay is

21    denied; and

22            IT IS HEREBY RECOMMENDED that

23         1.  Petitioner's application for a writ of habeas corpus be denied; and

24         2.  The district court decline to issue a certificate of appealability.

25            These findings and recommendations are submitted to the United States District

26    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;hall2653.157